

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00480-CV

Diane **ROSOW**,
Appellant

v.

Jack **MEEKS**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025-CV-05081
Honorable Cesar Garcia, Judge Presiding

Opinion by:   Lori Massey Brissette, Justice

Sitting:   Irene Rios, Justice
Lori Massey Brissette, Justice
H. Todd McCray, Justice

Delivered and Filed: July 29, 2026

AFFIRMED

In this forcible-detainer case, appellant Diane Rosow, proceeding pro se, argues the county court lacked jurisdiction to enter its judgment by awarding possession of the property to appellee Jack Meeks. After reviewing the record and the parties' briefs, we affirm the county court's judgment.

## BACKGROUND

Rosow and Meeks were at one point business partners in a commercial cleaning company. In spring of 2025, while Rosow was represented by counsel, Rosow and Meeks signed a settlement agreement resolving business disputes including the ownership and lease status of the residential property in San Antonio, Texas where Rosow resides. As part of the agreed settlement, Meeks, the property owner, entered into a lease agreement with Rosow, the tenant. After Rosow failed to pay rent for two consecutive months, Meeks served Rosow with a notice of default, followed weeks later by a notice to vacate. Meeks filed an eviction petition in the justice court, and the justice court entered a judgment that Rosow appealed to the county court. Following a bench trial, the county court entered a judgment awarding possession of the property to Meeks, along with $10,000 in past due rent and $5,522.55 in attorney's fees. The judgment set a bond of $10,000. The record indicates that Rosow paid the bond. Rosow timely appealed.

## DISCUSSION

On appeal, Rosow argues that the county court lacked jurisdiction to enter its judgment or otherwise erred by awarding Meeks possession even though Rosow disputed title in the county court and asserted she was coerced into signing agreements regarding the property. We disagree.

Proof of title is not required for a county court to have subject-matter jurisdiction over a forcible-detainer action. *Howe Jordan v. Carole Ann Taggart Tr.*, No. 05-23-00417-CV, 2025 WL 251337, at *2–3 (Tex. App.—Dallas Jan. 21, 2025, no pet.) (mem. op.). "The detainer action is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title[.]" *Alanis v. Wells Fargo Bank Nat'l Ass'n*, 616 S.W.3d 1, 8 (Tex. App.—San Antonio 2020, pet. denied) (citing *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)). The only issue in a forcible-detainer action is the right to actual and

immediate possession of the property. *Marshall*, 198 S.W.3d at 787 ("Judgment of possession in a forcible-detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession."); *see also* TEX. PROP. CODE §§ 24.001–.002. Thus, to prevail, the plaintiff "is not required to prove title but is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Jordan*, 2025 WL 251337, at *2.

County courts have jurisdiction on appeal from a justice court for a de novo trial in forcible-detainer actions, but they do not have jurisdiction to adjudicate questions of title. *Hinojosa v. Fin. of Am. Reverse, LLC*, No. 04-19-00787-CV, 2021 WL 1199045, at *1 (Tex. App.—San Antonio Mar. 31, 2021, no pet.) (mem. op.). Therefore, the county court here had jurisdiction over the forcible-detainer action unless the record shows the action "presents a genuine issue of title so intertwined with the issue of possession" that the county court "would be required to determine title before awarding possession[.]" *Id.* at *2.

Rosow's assertions—that Meeks did not have valid title to the property and that she signed agreements regarding the property under duress and coercion—do not suffice to present such an issue. *See Riley v. Deanda*, 706 S.W.3d 578, 582 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (noting "county courts are not deprived of jurisdiction by the mere existence of a title dispute"); *Hinojosa*, 2021 WL 1199045, at *2; *Lua v. Capital Plus Fin., LLC*, 646 S.W.3d 622, 630 n.3 (Tex. App.—Dallas 2022, pet. denied) ("Challenges to the validity of a foreclosure sale do not deprive the justice court or county court of jurisdiction."). Rosow has not shown she met her burden at trial to "provide specific evidence of a genuine title dispute that is intertwined with the issue of immediate possession" to defeat the county court's jurisdiction. *In re Catapult Realty Capital, L.L.C.*, No. 05-19-00109-CV, 2020 WL 831611, at *8 (Tex. App.—Dallas Feb. 20, 2020, no pet.)

(mem. op.). Indeed, Rosow did not call any witnesses or introduce any evidence at trial, despite being given the opportunity to do so.[1] In contrast, Meeks introduced numerous exhibits that were admitted at trial, including four deeds showing Meeks is the property owner, the parties' settlement agreement, and the parties' lease agreement, ample evidence of his superior right to actual and immediate possession of the property.[2] *See Marshall*, 198 S.W.3d at 787.

Therefore, Rosow has not presented sufficient record evidence to "affirmatively negate" the county court's jurisdiction. *In re D.A.P.*, 267 S.W.3d 485, 488 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see id.* ("[I]n the absence of a record of the trial proceedings, this court still presumes that evidence was presented to the trial court supporting the existence of facts under

---

[1] Rosow also asserts in a single sentence that the county court denied her due process by refusing to consider evidence purportedly showing the county court lacked jurisdiction. *See* TEX. R. APP. P. 38.1(d), (g), (h), (i). The trial transcript shows the county court gave Rosow the opportunity to call witnesses and introduce evidence, but Rosow decided not to present any evidence at trial beyond her own testimony. Nevertheless, in her supplemental brief, Rosow argues the county court "curtailed" her testimony regarding the "coercive circumstances surrounding the agreement," pointing only to the county court's statement that Rosow's testimony was "getting into a separate cause of action" from the forcible detainer action at issue. We decline to conclude the county court denied Rosow due process by encouraging Rosow to focus on the pertinent issue of the right to actual and immediate possession of the property. *See Marshall*, 198 S.W.3d at 787; *Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 342 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding Texas forcible-detainer statute does not violate right to due process).

[2] Only a partial reporter's record was filed in this case. The bench trial transcript was filed, but not the exhibits volume, because the court reporter did not receive payment for preparation of the record. On October 21, 2025, we issued an order noting that the court reporter responsible for filing the reporter's record in this appeal had filed a notification of late record stating that Rosow had failed to pay or make arrangements to pay the fee for preparing the reporter's record. We therefore ordered appellant to provide written proof to this court on or before October 31, 2025 that either (1) the reporter's fee had been paid or arrangements had been made to pay the reporter's fee; or (2) appellant was entitled to appeal without paying the reporter's fee. We explained that if appellant failed to respond within the time provided, appellant's brief would be due on or before November 20, 2025, and that this court would only consider those issues or points raised in appellant's brief that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Appellant did not respond to our October 21, 2025 order. Because the reporter's record of the bench trial is incomplete, and findings of fact and conclusions of law were not requested or issued, "we presume the evidence supports all implied findings necessary to support the trial court's judgment." *Gonzales v. Deutsche Bank Nat'l Tr. Co.*, No. 05-19-00762-CV, 2020 WL 7239549, at *2 (Tex. App.—Dallas Dec. 9, 2020, no pet.) (mem. op.) (affirming judgment in forcible-detainer action with no reporter's record or findings of fact and conclusions of law). Thus, we presume the missing trial exhibits accord with their description in the trial transcript and support the county court's judgment. Furthermore, the clerk's record contains deeds demonstrating Meeks is the property owner, along with the parties' settlement agreement and their lease agreement, evincing Meeks' superior right to actual and immediate possession of the property.

which the trial court would have subject-matter jurisdiction."); *Catapult Realty*, 2020 WL 831611, at \*8. We overrule Rosow's issue challenging the county court's jurisdiction.

Rosow has also failed to show the trial court erred in any other respect by entering its judgment. We reach this conclusion after reading Rosow's pro se briefing with "liberality and patience." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam). We note that as a pro se litigant, Rosow is "held to the same standards as a licensed attorney and must comply with all applicable procedural rules." *Elizondo v. Hilcorp Energy Co.*, No. 04-24-00714-CV, 2026 WL 100420, at \*2 (Tex. App.—San Antonio Jan. 14, 2026, pet. denied) (mem. op.).[3]

## CONCLUSION

Based on the foregoing, we affirm the county court's judgment.[4]

Lori Massey Brissette, Justice

---

[3] We struck Rosow's initial brief for failing to comply with requirements of the Texas Rules of Appellate Procedure and ordered Rosow to file an amended brief. After Rosow filed an amended brief, we issued an order stating that the amended brief does not fully comply with the applicable rules, noting for example that her statement of facts does not include record references, and her argument section is no more than a paragraph. *See* TEX. R. APP. P. 38.1(g), (i). We warned Rosow that the submission panel may determine she has waived one or more issues due to inadequate briefing if the deficiencies are not corrected prior to submission. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Rosow then filed a "Supplemental Brief Regarding Jurisdictional Issue and Record Citations," containing citations to the reporter's record and asking this court to consider her supplemental brief together with her amended brief.

[4] Meeks' motion to dismiss is denied as moot.